IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re JAMES BENSON,<br>　　　　　Debtor, : | Chapter 13 |
| : | |
| : | Case No. 07-16972 |
| JAMES BENSON, : | |
| 　　　　　Plaintiff, : | Adv. No. 10-00249-sr |
| : | |
| v. : | **Hearing Date: August 18, 2010** |
| : | |
| MED-REV RECOVERIES, INC. : | **Time: 10:00 a.m.** |
| 　　　　　Defendant. : | |
| | **Location: Courtroom 4** |

## MOTION OF MED-REV RECOVERIES TO DISMISS COMPLAINT

Defendant, Med-Rev Recoveries, Inc. ("Med-Rev"), hereby moves pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure to dismiss the Complaint of Plaintiff, James Benson and in support thereof avers as follows:

**I.　BACKGROUND**

1. On November 28, 2007, James Benson filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, commencing the above-captioned bankruptcy case.

2. On June 18, 2010, James Benson ("Plaintiff") commenced the above-captioned adversary proceeding against Med-Rev.

3. Plaintiff has alleged that Med-Rev is a furnisher pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.* (Complaint, ¶ 11).

4. Plaintiff further alleged that Med-Rev has reported one of Plaintiff's accounts (the "Account") to the consumer reporting agencies. (Complaint, ¶ 12).

5. Plaintiff has further alleged that he disputed the alleged Account in writing with Med-Rev and that Med-Rev received his disputes. (Complaint, ¶ 13, 14).

6. Plaintiff then avers that "pursuant to 15 U.S.C. § 1681s-2, Med-Rev had a duty to notify the 3 credit reporting bureaus because of Plaintiff's dispute of the account" and failed to do so. (Complaint, ¶ 15).

7. Plaintiff further alleges that Med-Rev was acting as a debt collector as defined by the FDCPA, which prohibits unlawful or unconscionable means to collect a debt. (Complaint, ¶¶ 20, 21).

8. Plaintiff then alleges that "by failing to perform its duties under 15 USC 1681s-2 of the FCRA, Defendant committed an unfair, unlawful and unconscionable method to collect on a consumer debt, and therefore violated 15 USC § 1692f of the FDCPA." (Complaint, ¶ 22).

9. Finally, Med-Rev is alleged to have breached its duties under § 1692e(8) of the FDCPA by failing to communicate to the credit reporting agencies that Plaintiff's account was disputed "after having received direct knowledge of Plaintiff's dispute." (Complaint, ¶ 24).

10. For these purported violations, Plaintiff seeks actual damages of "$1.00 more or less," "$1,000 statutory damages under the FDCPA," "emotional distress in the amount of no less than $5,000.00," punitive damages, attorneys' fees of $2,012.50, declaratory relief, injunctive relief, and a "reasonable Plaintiff incentive fee in the amount of no less than $2,500.00 as the class representative for bringing this action." (Complaint, ¶¶ 45-65).

II. <u>RELIEF SOUGHT</u>

11. Med-Rev respectfully requests that this Court dismiss the above-captioned Complaint because the Complaint fails to state a claim upon which relief can be granted.

**III.    BASIS FOR RELIEF**

12.    Plaintiff has admitted that Med-Rev is a furnisher.

13.    Plaintiff's allegation that Med-Rev failed to notify the consumer reporting agencies of a purported dispute with respect to the Accounts does not state a cause of action under the FCRA.

14.    Under the FCRA, no private right of action against a furnisher exists except a limited private right of action under § 1681s-2(b).  Krajewski v. American Honda Finance Corp., Civ. A. No. 07-1793, 2008 WL 1946839, *9 (E.D. Pa. May 2, 2008) (enforcement under 1681s-2(a) is left to federal agencies).

15.    The limited private right of action pursuant to 1681s-2(b) may arise only when a consumer disputes the information with the consumer reporting agency and the consumer reporting agency then notifies the furnisher of the dispute.  See, e.g., Bartell v. Dell Fin. Servs., 2007 WL 89157, *3 (M.D. Pa. Jan. 8, 2007).

16.    Plaintiff does not claim that he disputed the Account with the consumer reporting agencies and otherwise followed the applicable procedure pursuant to the FCRA, and instead alleges that it was the duty of Med-Rev to do so.

17.    These allegations are contrary to the clear language of the FCRA.  Thus, there is no claim pursuant to the FCRA.

18.    Plaintiff also attempts to assert a claim for violation of § 1692f of the FDCPA, alleging that Med-Rev used an unfair, unlawful and unconscionable method to collect on a consumer debt and therefore violated this section of the FDCPA by failing to perform its duties under § 1681s-2 of the FCRA.

19. The FDCPA claim pursuant to § 1692f fails because Plaintiff has improperly attempted to create a private cause of action under section 1681s-2(a) of the FCRA by bootstrapping that section to the FDCPA.

20. Plaintiff also purports to assert a claim for violation of § 1692e(8) of the FDCPA, which prohibits a debt collector from communicating information which is known to be false, including the failure to communicate that a disputed debt is disputed.

21. The FDCPA claim pursuant to § 1692e(8) fails because a debt collector is under no affirmative duty to inform a consumer reporting agency of a dispute of a debt if it learns of the dispute after it has already informed the consumer reporting agency of the debt. See, e.g., FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988).

22. No other claims are raised in the Complaint.

WHEREFORE, Med-Rev respectfully requests that this Honorable Court enter an Order dismissing the Complaint with prejudice, together with costs.

Respectfully submitted,

/s/ Andrew K. Stutzman
Andrew K. Stutzman, Esquire
Katie M. Gaughan, Esquire
2600 One Commerce Square
Philadelphia, PA 19103
Tel: (215) 564-8000
Fax: (215) 564-8120

Attorneys for Defendant,
Med-Rev Recoveries, Inc.

Dated: July 21, 2010

L # 1182975