# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| JAMES BENSON | : |
| DEBTOR(S) | : BANKRUPTCY NO. 07-16972 SR |
| JAMES BENSON | : |
| PLAINTIFF(S) | : |
| vs. | : |
| MED-REV RECOVERIES, INC. | : |
| DEFENDANT(S) | : ADVS. NO. 10-249 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

Introduction

     Plaintiff filed suit against Med-Rev Recoveries, Inc., (Med-Rev) alleging violations of the federal Fair Credit Reporting Act[1] and Fair Debt Collection Practices Act.[2] Med-Rev has filed a motion to dismiss the complaint for failure to state a claim. A hearing on the Motion was held on August 18, 2010 after which the matter was taken under advisement. For the reasons set forth below, the Motion will be granted.

---

[1] 15 U.S.C. § 1681 et seq.

[2] 15 U.S.C. § 1692 et seq.

*Legal Standard*

The Motion to Dismiss is premised on F.R.C.P. 12(b)(6)[3]; i.e., that the complaint fails to state a claim upon which relief may be granted. In ruling on a motion to dismiss for failure to state claim, the Court must accept all factual allegations as true, construe the amended complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir.2009)

*The Allegations*

The Complaint alleges that "Defendant reported one or more particular consumer accounts pertaining to Plaintiff to one or more of the major credit reporting agencies."  ¶ 12.  Thereafter, "Plaintiff disputed the alleged account in writing with the Defendant." *Id*. ¶13.  Despite receiving Plaintiff's dispute, Defendant failed to notify "the relevant credit reporting bureaus" of that fact.  *Id*. ¶ 16  From this, Plaintiff concludes that Med-Rev violated both of the above-cited federal consumer protection laws.

*Fair Credit*
*Reporting Act*

In 1968, Congress enacted the Fair Credit Reporting Act (FCRA) in order to establish "reasonable procedures for meeting the [credit reporting] needs of commerce" and the banking industry in a "manner that is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information ...." 15 U.S.C. §§ 1681, et seq.  The FCRA was essentially prompted by

---

[3]Made applicable by B.R. 7012(b).

2

"congressional concern over abuses in the credit reporting industry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3rd Cir.1996)(*quoting Guimond v. Trans Union Credit Info Co.*, 45 F.3d 1329, 1331 (9th Cir.1995)).  As such, one of the main goals of the FCRA is to protect individuals from inaccurate or arbitrary information found in their credit history reports.  See *Pinner v. Schmidt*, 805 F.2d 1258, 1261 (5th Cir.1986).  In other words, a general purpose of the FCRA is to protect the creditworthiness and reputation of every consumer.  *Ackerley v. Credit Bureau of Sheridan, Inc.*, 385 F.Supp. 658, 659 (D.Wyo.1974).

*Furnisher Liability*
*Under the FCRA*

The FCRA was amended in 1996 to "provide new tools to insure that furnishers of information to consumer reporting agencies cooperate in maximizing the goal of the [FCRA] that only accurate and complete information is included in credit reports." *Vasquez-Garcia v. TransUnion de Puerto Rico*, 222 F.Supp.2d 150, 154 (D.P.R.2002) quoting Richard J. Rubin, *"Fair Credit Reporting Act Amendments Provide New Duties on Furnishers of Information*," Corporate Law and Practice Course Handbook Series, Practicing Law Institute, Vol. 4, Issue 1, p. 203 (April 1999).  A "furnisher of information" is not specifically defined in the FCRA, but case law has "defined it as an entity 'which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union.' " *DiMezza v. First USA Bank Inc.*, 103 F.Supp.2d 1296, 1299 (D.N.M.2000)(quoting *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 501 (W.D.Tenn.1999)).

3

*Standing to Assert*
*Furnisher Liability*

Med-Rev is alleged to be a "furnisher" under the act. Complaint, ¶ 1. A furnisher's duties under the FCRA are set forth in § 1681s-2. They are of two general types: first, a general duty to provide accurate information (§ 1681s-2(a)), and second, a specific duty to respond when notified that a consumer disputes information which the furnisher may have furnished to a credit reporting agency (§ 1681s-2(b)). The distinction is important, because a private plaintiff may bring a case only for a violation of the specific duty: no private cause of action exists for a violation of the furnisher's general duty to provide accurate credit information. *See* 15 U.S.C. § 1681s-2(c)(1); *Evantash v. G.E. Capital Mortgage Services, Inc.*, 2003 WL 22844198 at *7 (E.D.Pa. November 25, 2003); *Krajewski v. American Honda Finance Corp.*, 557 F.Supp.2d 596, 608 (E.D.Pa.2008); *Beisel v. ABN Ambro Mortgage, Inc.*, 2007 WL 2332494 at *2 n.3 (E.D.Pa. August 10, 2007); *Kibbe v. BP/Citibank*, 2009 WL 2950365 at *6 (M.D.Pa. September 9, 2009). Herein plaintiff has alleged that he informed Med Rev that he disputed information which Med Rev furnished to a credit reporting agency and that Med Rev failed to inform the credit reporting agency of the dispute. Complaint, ¶¶ 13-16. The Court must consider what Med Rev was required to have done after being notified of the disputed debt by the Plaintiff.

Section 1681s-2 of the act provides, in pertinent part:
…
(b) Duties of furnishers of information upon notice of dispute

(1) In general

>*After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute* with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
>
>(A) conduct an investigation with respect to the disputed information;
>
>(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
>(C) report the results of the investigation to the consumer reporting agency;
>
>(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
>(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
>(i) modify that item of information;
>
>(ii) delete that item of information; or
>
>(iii) permanently block the reporting of that item of information.
>
>(2) Deadline
>
>A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 1681s-2(b)(emphasis added).  This subsection sets forth the duties of a

furnisher which, if not met, create a cause of action for a private plaintiff. For these duties to arise, however, the furnisher must first have received "notice pursuant to § 1681i(a)(2)." That paragraph provides:

> (2) Prompt notice of dispute to furnisher of information.--
>
> (A) In general.--Before the expiration of the 5-business-day period beginning on the date on which *a consumer reporting agency receives notice* of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute,* …

15 U.S.C. § 1681i(a)(2) (emphasis added); *see Evantash, supra* 2003 WL 22844198 at *6 (holding that the duties of a furnisher under FCRA arise upon notice of dispute from a consumer reporting agency); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 362 (E.D.Pa. 2001) (same); *Sullivan v. Equifax*, 2002 WL 799856 at *2 (E.D.Pa.April 9, 2002)(same); *Krajewski supra,* 557 F.Supp.2d 596, 609 (same); *Kibbe supra*, 2009 WL 2950365 at *7 (same); *Beisel v. ABN Ambro Mortgage, Inc.*, 2007 WL 2332494 at *1 (E.D.Pa. August 10, 2007) (same); *Bartell v. Dell Financial Services, LP,* 2007 WL 89157 at *3 (M.D. Pa. January 8, 2007) (notice of dispute from credit reporting agency to furnisher triggers furnisher's duty); *Young v. Equicredit Information Services, Inc.,* 294 F.3d 631, 640 (5th Cir. 2002)(same).

To plead liability *qua* furnisher on Med-Rev's part, the Plaintiff was required to allege that he disputed these items *with the consumer reporting agency*—not the furnisher—and that the agency informed Med-Rev of that fact. That is the condition precedent for furnisher liability as to a private plaintiff under the FCRA. Here, the Debtor never alleged that he disputed the account *with the consumer reporting agency*.

It is alleged only that he went directly to Med Rev with his dispute. That is insufficient to state a cause of action against Med-Rev under the act. Accordingly, the FCRA claim must be dismissed.

*FDCPA*

The Plaintiff's FDCPA claim is derivative of his FCRA claim and so it fares no better. The Complaint alleges that "by failing to perform its duties under 15 USC [*sic*] 1681s-2 of the FCRA, Defendant committed an unfair, unlawful and unconscionable method to collect on a consumer debt, and therefore violated 15 USC [*sic*]1692f of the FDCPA." Complaint, ¶ 22. However, the Court has found *supra* that there was no violation of the FCRA. Thus, no liability under the FDCPA may be derived.

Moreover, the Complaint, as Plaintiff urges, cannot be read to plead an *independent* violation of the federal collection law. The FDCPA prohibits the use of any false, deceptive or misleading means to collect a debt. *See* 15 U.S.C. § 1692e. That includes "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Plaintiff's premise is that a disputation of a debt after such debt is reported by a consumer reporting agency creates a duty on the entity that informed or furnished such information to the agency to update the credit report to reflect that such debt is disputed. This is incorrect; this theory conflates the duties of a "furnisher" under the FCRA with those of a "debt collector" under the FDCPA. Indeed, there is no authority to support the proposition that a debt collector must inform the credit reporting agency that

the consumer disputes the debt.  One Court aptly explains why Plaintiff's legal theory is unsupportable:

> Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2).  Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies "including the failure to communicate that a disputed debt is disputed"-is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:
>
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.
>
> 2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Wilhelm v. Credico*, *Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) quoting FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988)(emphasis added), followed in *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264 at * 12-13 (N.D.Ga.2005), and *Kinel v. Sherman Acquisition II, LP*, 2006 WL 5157678 at *17 (S.D.N.Y. Feb. 28, 2006); and in *Hilburn v. Encore Receivable Mgmt., Inc.,* 2007 WL 1200949 at *4 (D.Or.2007 April 19, 2007)  It is nowhere alleged that when it furnished the original information about the Plaintiff's debt, Med-Rev knew of any dispute as to such debt.  It is alleged that the dispute was brought to Med-Rev's attention after it

furnished information to the credit reporting agency. Complaint, ¶ 13. As a result no subsequent reporting requirement arose. The Complaint thus fails to make out an independent violation of the FDCPA.

*Summary*

The Defendant's Motion is granted. Counts I and II of the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

An appropriate Order follows.

By the Court:

_Stephen Raslavich_ (signature)

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: October 6, 2010

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| JAMES BENSON | : |
| DEBTOR(S) | : BANKRUPTCY NO. 07-16972 SR |
| JAMES BENSON | : |
| PLAINTIFF(S) | : |
| vs. | : |
| MED-REV RECOVERIES, INC. | : |
| DEFENDANT(S) | : ADVS. NO. 10-249 |

## ORDER

**AND NOW,** upon consideration of Med-Rev Recoveries, Inc.'s Motion to Dismiss for Failure to State a Claim, the Plaintiff's response, after hearing held, and for the reasons set forth in the foregoing Opinion, it is hereby

**ORDERED** that the Motion is granted and the Complaint is dismissed.

By the Court:

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: October 6, 2010

Counsel for Plaintiff

Vicki Pionteck, Esquire
PIONTECK LAW OFFICE
951 Allentown Road
Lansdale, PA 19446

Counsel for Defendant

Andrew K. Stutzman, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich